UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE FOR THE CERTIFICATE )
HOLDERS OF HABORVIEW MORTGAGE ) Case No.: 2:16-cv-01385-GMN-CWH
LOAN TRUST 2005–08, MORTGAGE )
LOAN PASS THROUGH CERTIFICATES, ) **ORDER**
SERIES 2005–08, )
)
       Plaintiff, )
  vs. )
)
HERITAGE ESTATES HOMEOWNERS )
ASSOCATION, *et al.*, )
)
       Defendants. )

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 35), filed by Plaintiff U.S. Bank National Association ("Plaintiff"). Defendant Heritage Estates Homeowners Association ("HOA") filed a Response, (ECF No. 48), and Plaintiff did not file a Reply.

Also pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 37), filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiff filed a Response, (ECF No. 53), and SFR filed a Reply, (ECF No. 64).

Also pending before the Court is the Motion to Dismiss, (ECF No. 47), filed by HOA. Plaintiff and SFR filed Responses, (ECF Nos. 54, 55), and HOA filed a Reply, (ECF No. 58).[1]

---

[1] Also before the Court are Plaintiff's Motion to Lift Stay, (ECF No. 34), and SFR's Motions to Stay, (ECF Nos. 40, 41), which are hereby **DENIED as moot** in light of the Court's Order, (ECF No. 36), and the Nevada Supreme Court's ruling in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018).

Also before the Court is SFR's Motion to Strike, (ECF No. 38), Plaintiff's Motion for Summary Judgment. Because the Court denies Plaintiff's Motion for Summary Judgment, SFR's Motion to Strike is **DENIED as moot**.

For the reasons discussed herein, HOA's Motion to Dismiss is **GRANTED in part** and **DENIED in part**; Plaintiff and SFR's Motions for Summary Judgment are **DENIED**.[2]

I. **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 5928 Gulf Island Avenue, Las Vegas 89156 (the "Property"). (Compl. ¶¶ 3, 7, ECF No. 1). On February 16, 2001, Tadeusz and Danuta Chorzepa ("Borrowers") purchased the property by way of a loan in the amount of $215,000 secured by a deed of trust ("DOT"). (*Id.* ¶ 13).

On October 31, 2011, Borrowers filed a petition for bankruptcy under Chapter 7 of the bankruptcy code. (*Id.* ¶ 27). Upon Borrowers' failure to pay all amounts due under the loan, Nevada Association Services, Inc. ("NAS"), on behalf of HOA, recorded a notice of delinquent assessment lien indicating that $1,010 was due the HOA based upon late fees, collection fees, and interest. (*Id.* ¶ 15). On September 18, 2012, HOA, through NAS, recorded a notice of default and election to sell under the delinquent assessment lien. (*Id.* ¶ 16). The notice stated the amount due to HOA was $1,783.50, but failed to identify whether this included dues, interest, fees, and collection costs. (*Id.*).

On January 3, 2013, Plaintiff remitted payment to NAS to satisfy the superpriority amount owed to HOA. (*Id.* ¶ 22). Despite the tender, HOA, through NAS, recorded a notice of foreclosure sale and subsequently foreclosed on the Property on July 26, 2013. (*Id.* ¶ 25). On August 5, 2013, a foreclosure deed was recorded in favor of SFR identifying the sale price as $17,000. (*Id.* ¶¶ 25–26).

---

[2] In this case there are also pending motions for summary judgment, (ECF Nos. 80, 87, 92). In light of the parties' stipulation to extend time, (ECF No. 98), the Court is awaiting further briefing from the parties. Accordingly, the Court will address those motions in a subsequent order.

Plaintiff filed the instant Complaint on June 17, 2016, asserting the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title; (2) Breach of NRS § 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (*See* Compl. ¶¶ 29–81).

## II.     LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Rule 56(a)**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. DISCUSSION

#### A. HOA's Motion to Dismiss

HOA seeks to dismiss Plaintiff's claims asserted against it on the following grounds: (1) HOA does not claim an interest in the Property; (2) Plaintiff does not have standing to challenge the automatic bankruptcy stay; (3) the Complaint's allegations do not plausibly establish the foreclosure sale was commercially unreasonable; and (4) HOA cannot be liable for violating its mortgage protection clause. (Mot. to Dismiss ("MTD") 5:6–9:23, ECF No. 47). The Court addresses each argument in turn.

##### i. Disclaimer of Interest

First, HOA asserts that because it does not possess any interest in the Property, Plaintiff cannot state a claim for quiet title against HOA. (MTD 5:6–22). Courts in this District have recognized, however, that "parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case." *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-0381-JCM-VCF, 2017 WL 1293977, at *4 (D. Nev Mar. 10, 2017). As this Court previously found, "[b]ecause the HOA would regain an interest in the Property if the Court declares the HOA sale to be invalid, the HOA is a necessary party" in such circumstances. *See SRMOF II 2012-1 v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-01677-GMN-CWH, 2016 WL 3606786, at *2 (D. Nev. June 30, 2016) ("Granting Plaintiff's request for relief in the HOA's absence could impair or impede the HOA's ability to protect its

interests."); *see also U.S. Bank, N.A. v, Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015) (rejecting an HOA's request for dismissal from a foreclosure case because the HOA was a necessary party due to the plaintiff's challenge of the sale's validity).

Here, Plaintiff requests two potential forms of relief with respect to its quiet title claim—a declaration that its DOT survived the foreclosure sale or, alternatively, a declaration that the foreclosure sale is void. (Compl. 14:21–22). Should the Court set aside the foreclosure sale, HOA may still have an interest in the Property. Accordingly, the Court declines to grant HOA's Motion on this basis.

### ii. Standing to Challenge the Bankruptcy Stay

HOA further argues that Plaintiff does not have standing to challenge the violations of the automatic stay pursuant to 11 U.S.C. § 362. (MTD 5:26–6:18). Plaintiff responds that it has standing because Plaintiff is "not seeking damages as an individual creditor," but rather a "declaration that the foreclosure sale conducted during the bankruptcy stay is void." (Resp. to MTD 7:2–18, ECF No. 54).

"The automatic stay provisions of the bankruptcy code are designed to protect debtors only, and do not afford non-parties to the bankruptcy case any rights." *Bergsrud v. Bank of Am., N.A.*, No. 2:13-cv-998-JCM-VCF, 2014 WL 664662, at *3 (D. Nev. Feb. 19, 2014); *see also In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991) ("[S]ection 362 is intended solely to benefit the debtor estate.").

Here, Plaintiff's only alleged relationship with the bankruptcy proceedings is that the debtor also possesses an interest in the Property for which Plaintiff seeks to quiet title. (See Compl. ¶¶ 27–28, 51–54). This is insufficient to confer standing. *See, e.g., U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1527-JCM-CWH, 2018 WL 3312980, at *7 (D. Nev. July

5, 2018). Accordingly, to the extent Plaintiff seeks to void the foreclosure sale based upon a violation of the automatic stay, Plaintiff lacks standing to assert that theory.

### iii. Equitable Grounds for Setting Aside the Foreclosure Sale

HOA asserts that Plaintiff's claims cannot survive because the foreclosure sale was not commercially unreasonable as a matter of law. (MTD 6:21–28). In support, HOA points out that an inadequate sales price, standing alone, cannot serve to establish fraud, unfairness, or oppression. (*Id.* 6:28–7:11).

The Nevada Supreme Court has held that "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale." *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641 (Nev. 2017). However, gross inadequacy of price coupled with "any alleged irregularities in the sales process," should be considered together to determine "whether the sale was affected by fraud, unfairness, or oppression." *Id.*

Contrary to HOA's argument, Plaintiff's allegations in favor of its quiet title claim are not limited to the purported grossly inadequate sales price. Plaintiff alleges that in addition to sales price, HOA rejected Plaintiff's tender of the superpriority portion of the lien in advance of the sale. (Compl. ¶¶ 24–25). This allegation is sufficient to withstand HOA's Motion to Dismiss Plaintiff's quiet title claim. *See Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 2:17-cv-02808-APG-CWH, 2018 WL 3312969, at *3 (D. Nev. July 5, 2018) (denying motion to dismiss quiet title claim where plaintiff alleged that "the HOA refused to accept tender of the superpriority lien."); *see also Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, No. 70501, 2018 WL 4403296, at *1 (Nev. 2018) (en banc).

### iv. NRS 116.1113

With respect to Plaintiff's claim for violation of NRS 116.1113, Plaintiff alleges that NRS 116 obliges HOA and NAS to comply with the mortgage protection clause contained

within HOA's CC&Rs. (*See* Compl. ¶¶ 57–62). Plaintiff argues that HOA breached its duties by "failing to inform lenders and loan servicers that its representation regarding the unequivocal protection of security interests in the CC&Rs was false and the deed of trust was at risk." (Resp. to MTS 8:4–8, ECF No. 54). HOA argues that Plaintiff's claim is without merit because the Nevada Supreme Court has already rejected the argument that an HOA may be liable for failing to enforce a CC&R clause that contradicts NRS 116. (MTD 7:16–26). The Court agrees with HOA.

The Nevada Supreme Court has explicitly held that mortgage protection clauses do not supersede the statutory structure of NRS 116. *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 418–19 (Nev. 2014). "[A] mortgage protection clause purporting to subordinate a HOA lien to the first deed of trust does not, without more, constitute unfairness in the context of a HOA foreclosure." *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1527-JCM-CWH, 2018 WL 3312980, at *9 (D. Nev. July 5, 2018). Accordingly, because Plaintiff's claim for breach of NRS 116.1113 is based solely upon HOA and NAS' failure to adhere to the CC&R's mortgage protection clause, the Court dismisses this claim with prejudice.

**B. Motions for Summary Judgment**

Plaintiff and SFR filed cross Motions for Summary Judgment, (ECF Nos. 35, 37), on a purely legal issue.[3] Specifically, the parties dispute whether the Ninth Circuit's holding in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), cert. denied, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (Pl.'s Mot. Summ. J. ("Pl.'s MSJ") 6:1–8:13, ECF No. 35); (SFR's Mot. Summ. J. ("SFR's MSJ") 6:2–7, ECF No. 37).

---

[3] In light of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018), the Court ordered the parties to file supplemental briefs addressing the interplay between that decision and *Bourne Valley*, (ECF No. 96). HOA, SFR, and Plaintiff timely filed their respective briefs, (ECF Nos. 100–02).

### i. Constitutionality of the Foreclosure

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the Nevada legislature acted to adversely affect the property interests of mortgage lenders and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

In holding that NRS § 116.3116's opt-in notice scheme is facially unconstitutional, the Ninth Circuit rejected the appellant's argument that NRS § 107.090 should be read into NRS § 116.31168(1) to cure the constitutional deficiency. *Id.* Specifically, the appellant argued that the "incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request." *Id.* The Ninth Circuit, interpreting Nevada law, held that this interpretation "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

Subsequent to *Bourne Valley*, a court in this District certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendment that took effect on October 1, 2015." *Bank of New York Mellon v. Star*

*Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017). On August 2, 2018, the Nevada Supreme Court issued its decision on the certified question in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018). The Nevada Supreme Court explicitly "decline[d] to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159," and concluded that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 . . . ." *Id.* at 1253. Therefore, "before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

"[A] State's highest court is the final judicial arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation."). Federal courts are bound by its respective circuit courts' interpretations of state law only "in the absence of any subsequent indication from the [state] courts that [the federal] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *see also Togill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute that was previously found to be facially unconstitutional by a federal court). Such rulings may only be reexamined when the "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). In determining whether intervening higher authority is "clearly irreconcilable," courts must "look at more than the surface conclusions of the competing authority." *Id.* "Rather, the relevant court of last resort must have undercut the

theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* (quoting *Gammie*, 335 F.3d at 900).

Here, the Nevada Supreme Court's interpretation of NRS 116.31168's notice provisions is irreconcilable with the Ninth Circuit's prior interpretation. The Ninth Circuit's conclusion that NRS § 116.3116 violated a lenders' due process rights was explicitly premised upon the Ninth Circuit's interpretation of state law. Specifically, the Ninth Circuit concluded the notice provisions of NRS 107.090 are not incorporated into NRS 116.31168. However, because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation by holding that the notice provisions of NRS 107.090 are incorporated into NRS 116.31168, *Bourne Valley* is no longer controlling authority with respect to § 116.3116's notice provisions.

Accordingly, to the extent Plaintiff seeks to quiet title based upon the Ninth Circuit's holding in *Bourne Valley*, the Court rejects this theory. In light of this holding, the Court need not consider SFR's arguments concerning severability and the return doctrine. (*See* SFR's MSJ 6:23–17:27).

### IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff and SFRs Motions for Partial Summary Judgment, (ECF Nos. 35, 37), are **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF No. 47), is **GRANTED in part** and **DENIED in part**. Plaintiff's quiet title claim, insofar as it is premised upon violation of the automatic stay, is **DISMISSED with Prejudice**. Plaintiff's claim for breach of NRS 116.1113 is **DISMISSED with prejudice**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay, (ECF No. 34), SFR's Motions to Stay, (ECF Nos. 40, 41), and SFR's Motion to Strike, (ECF No. 38), are **DENIED as moot**.

**DATED** this   26   day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge